# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. BRAY,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>MICHAEL J. ASTRUE,<br><br>　　　　　　　Defendant. | CASE NO. 08cv831 WQH (WVG)<br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Summary Judgment filed by Plaintiff Larry E. Bray (Doc. # 15), the Cross-Motion for Summary Judgment for Summary Judgment filed by Defendant Michael J. Astrue (Doc. # 21), and the Report and Recommendation of the Magistrate Judge (Doc. # 23).

## BACKGROUND

On July 30, 2005, Plaintiff applied for Social Security Disability Insurance benefits alleging he has been disabled since June 20, 2004. (AR, Doc. # 10 at 99-103).[1] On October 26, 2006, the Administrative Law Judge ("ALJ") held a hearing in the case. *Id.* at 656-703. On November 6, 2006, the ALJ issued a written opinion finding Plaintiff was not disabled because his residual functional capacity allowed him to perform sedentary work. *Id.* at 17-23. On March 14, 2008, the Appeals Council denied Plaintiff's request for review. *Id.* at 5-8. On

---

[1] Citations are to the Administrative Record and use the internal pagination which appears in the upper right hand corner of each page.

1  May 7, 2008, Plaintiff filed a Complaint for Judicial Review and Remedy on an Administrative
2  Decision under the Social Security Act. (Doc. # 1).    On January 5, 2009, this Court issued
3  an Order to Show Cause for failure to prosecute because there had been no activity in the case
4  since July 31, 2009. (Doc. # 3). On February 2, 2009, Plaintiff filed a response. (Doc. # 7).
5  On March 18, 2009, the Magistrate Judge ordered Plaintiff to file a motion for summary
6  judgment on or before May 1, 2009. (Doc. # 11). Plaintiff failed to file a motion by the
7  deadline. On January 27, 2010, this Court issued a second order to show cause as to why the
8  case should not be dismissed for failure to prosecute. (Doc. # 13).  On February 26, 2010,
9  Plaintiff's attorney filed a response to the order to show cause stating he had failed to note the
10 deadline to file a motion for summary judgment on his calendar. (Doc. # 14).  Plaintiff's
11 counsel further stated he had contacted counsel for Defendant, who does not oppose allowing
12 a motion for summary judgment to be filed late. *Id.* On February 26, 2010 Plaintiff also filed
13 a motion for summary judgment. (Doc. # 15). On March 2, 2010, the Court issued an order
14 which concluded that Plaintiff had shown cause why his case should not be dismissed. (Doc.
15 # 16) On April 26, 2010, Defendant filed a cross-motion for summary judgment. (Doc. # 21).
16  On July 29, 2010 the Magistrate Judge issued a Report and Recommendation ("R&R")
17 which recommends that this Court deny Plaintiff's motion and grant Defendant's motion.
18 (Doc. # 23 at 14-15).  The R&R concludes that the ALJ did not err  in failing to mention
19 Plaintiff's wife's testimony in the opinion and that the ALJ properly rejected Plaintiff's wife's
20 earlier statements because they were inconsistent with the medical evidence. *Id.*  The R&R
21 set a deadline of August 20, 2010 to file any objections.  Neither party objected to the R&R.

## STANDARD OF REVIEW

23  The duties of the district court in connection with the Report and Recommendation of
24 a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C.
25 § 636(b). The district judge must "make a de novo determination of those portions of the
26 report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part,
27 the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district
28 court need not review de novo those portions of a Report and Recommendation to which

1  neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v.*
2  *Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

3        The ALJ's decision denying benefits "will be disturbed only if that decision is not
4  supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d
5  599, 601 (9th Cir. 1999) (citation omitted). "Substantial evidence is more than a mere scintilla
6  but less than a preponderance." *Id.* (citation omitted).

## DISCUSSION

8        The Court has reviewed the R&R and the administrative record. The Court concludes
9  that the Magistrate Judge correctly determined that the ALJ did not err in failing to mention
10 Plaintiff's wife's testimony in the opinion and that the ALJ properly rejected Plaintiff's wife's
11 earlier statements because they were inconsistent with the medical evidence.

12       IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation
13 (Doc. # 23) is adopted in its entirety. Plaintiff's Motion for Summary Judgment (Doc. # 15)
14 is **DENIED**. Defendant's Cross-Motion for Summary Judgment for Summary Judgment (Doc.
15 # 21) is **GRANTED**.

16 DATED: August 30, 2010

17
18                               **WILLIAM Q. HAYES**
                              United States District Judge